■ JAMES H. THORNTON, Respondent, v. CITY OF NEW YORK, Appellant-Respondent; C. J. CACCAVALLO & SONS, INC., Appellant, and JOHN SCOTTI & SONS, INC., Appellant-Respondent, et al., Defendants.— In a negligence action to recover damages for personal injury suffered by plaintiff as a consequence of his automobile sinking into a backfilled hole, 12 to 14 inches deep, on a public thoroughfare, in which action the defendant the City of New York interposed cross complaints against the defendants C. J. Caccavallo & Sons, Inc., and John Scotti & Sons, Inc., and in which the Caccavallo corporation interposed a cross complaint against the Scotti corporation, certain of the defendants appeal as follows from portions of a judgment of the Supreme Court, Kings County, entered April 12, 1963 after trial, upon a jury's verdict in the plaintiff's favor and upon the court's decision disposing of the cross complaints: (1) Three defendants, the City of New York, C. J. Caccavallo & Sons, Inc., and John Scotti & Sons, Inc., appeal from the judgment insofar as it is in plaintiff's favor against each of them, for the sum of $25,000, the amount awarded by the jury, plus costs. (2) The defendant Caccavallo corporation also appeals from so much of said judgment:

(a) as directed recovery over against it by the defendant city on its cross complaint against Caccavallo; and (b) dismissed Caccavallo's cross complaint against the defendant Scotti corporation. (3) The defendant Scotti corporation also appeals from so much of said judgment as directed recovery over against it by the defendant city on its cross complaint against Scotti. Judgment modified on the law and the facts as follows: (a) by striking out its last decretal paragraph; and (b) by substituting therefor a provision directing that the defendant C. J. Caccavallo & Sons, Inc., have recovery over on its cross complaint against defendant John Scotti & Sons, Inc., to the extent of plaintiff's recovery in the action. As so modified, the judgment, insofar as appealed from, is affirmed, with one bill of costs to plaintiff against the three appealing defendants. Findings of fact inconsistent herewith are reversed, and new findings made as indicated herein. In our opinion, proof was lacking that defendant Caccavallo had notice that defendant Scotti had left a dangerous condition on the roadway, and that defendant Caccavallo acquiesced in such condition. Under the facts and circumstances here, since the defendant Scotti affirmatively created the condition of inadequate backfill, and since the defendant Caccavallo had no knowledge of such condition, Caccavallo is not chargeable with active negligence; hence it is not *in pari delicto* with defendant Scotti for mere "failure to discover that which could reasonably have been discovered" (*Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112, 117). Caccavallo's failure to put up barriers as required by the city permit, while constituting a breach of duty to plaintiff, was merely passive negligence as to Scotti, and did not bar Caccavallo from receiving indemnity from the active wrongdoer whose faulty work necessitated such barriers (*Employers' Liab. Assur. Corp.* v. *Empire City Iron Works*, 7 A D 2d 1012, 1013). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.